**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case Number: 1:17-cv-21997-DPG**

CARMEN TAUFER,

Plaintiff,

vs.

WELLS FARGO BANK NATIONAL ASSOCIATION;
JP MORGAN CHASE BANK NATIONAL ASSOCIATION;
RUSHMORE LOAN MANAGEMENT SERVICES, LLC;
BEN-EZRA & KATZ, P.A.; THE LAW OFFICE OF GARY
GASSEL, P.A.; JANE AND JOHN DOES 1 – 10,

Defendants.
_____________________________________________/

**MOTION FOR RULE 11 SANCTIONS AND INCORPORATED MEMORANDUM OF LAW**

The Law Office of Gary Gassel, P.A. (the "Gassel Firm"), by and through its undersigned counsel, respectfully requests that sanctions under Federal Rule of Civil Procedure 11 be levied against Plaintiff's counsel, Alfonso Oviedo-Reyes, for his failure to disclose material and pertinent facts to the Court, his disregard of the current law, and his allegations of patently frivolous claims against the Gassel Firm, and in support of this request submits the following:

**INTRODUCTION**

The instant Complaint was filed on May 28, 2017, purporting to assert six (6) causes of action against the Gassel Firm arising from an underlying State Court Foreclosure Judgment: Violation of 15 USC 1692e(10) § 807(2)(a) (Fourth Cause of Action), Violation of 15 USC 1692e § 807(2)(a) (Seventh Cause of Action); Slander of Title (Tenth Cause of Action); Violations of the Florida Consumer Collection Practices Act and the Fair Debt Collection Practice Act (Eleventh Cause of Action); Violations of the Florida Deceptive and Unfair Trade

Practices Act ("Twelveth" [sic] Cause of Action); and Violation of 15 U.S.C. § 1692 et. seq. (Fourteenth Cause of Action).

On June 12, 2017, the Gassel Firm received the Summons and Complaint via Overnight Mail. On July 3, 2017, the Gassel Firm filed a Motion to Dismiss directed at the Complaint.

**RELEVANT BACKGROUND**

The instant litigation arises from an underlying state court foreclosure action captioned *Wells Fargo Bank, N.A. not in its Individual Capacity but Solely as Trustee for the RMAC REMIC Trust Series 2010-3 v. Taufer, et al.*, Case No. 2010-CA-058746, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. *See* Complaint, pp. 2 – 3 at ¶ 2.

According to the Complaint, the underlying foreclosure action was commenced in 2010. *See* Complaint, p. 14 at ¶ 8. The Gassel Firm represented Wells Fargo Bank, N.A., as Trustee for the RMAC REMIC Trust Series 2010-3 ("Wells Fargo Bank, N.A., at Trustee") from 2012 until the conclusion of the foreclosure matter.

On ***March 19, 2014***, a Summary Judgment of Foreclosure was entered against Plaintiff (as the defendant in the underlying foreclosure matter). *Id*., p. 15 at ¶ 17. On ***September 18, 2014***, Plaintiff's property was sold in an online judicial sale. *Id*., p. 15 at ¶ 18. On ***September 22, 2014***, a Certificate of Sale was entered by the State Court. *Id*., p. 16 at ¶ 21.

Around this time, Plaintiff's counsel in the instant matter appeared on her behalf in the foreclosure action and filed a frivolous post-judgment Motion directed to validity of the mortgage and judicial sale, and asserting wrongdoing by the Gassel Firm. *See* Exhibit "A." By Order dated ***February 24, 2015***, the State Court struck that Motion as a sham pleading. *See*

Exhibit "B," ¶ 2. In addition, the State Court directed the Clerk of Court not to accept any other motions on behalf of Plaintiff for post-judgment relief. *Id*. at ¶ 4.

Nevertheless, Plaintiff's counsel filed another Motion directed to the alleged invalidity of the mortgage and foreclosure sale. *See* Exhibit "C." In order to avoid sanctions for this additional frivolous filing, Plaintiff's counsel executed a Stipulation on ***April 9, 2015*** wherein it was agreed that Plaintiff would release all claims against Wells Fargo Bank, N.A., as Trustee relating to the foreclosure suit, as well as **all claims** against the "agent, representative, and counsel" of Wells Fargo Bank, N.A., as Trustee. *See* Exhibit "D," ¶ 2. The Gassel Firm was counsel for Wells Fargo Bank, N.A., as Trustee. *See id*. at p. 2. It was also stipulated that a Certificate of Title would be issued by the Clerk "immediately and without further hearing." *Id*. at ¶ 3. The State Court subsequently "ratified, approved, and confirmed" the Stipulation and ordered the parties to comply with same. *See* Exhibit "E," ¶¶ 1, 5.

On ***May 1, 2015***, a Certificate of Title was issued to Wells Fargo Bank, N.A., as Trustee. *See* Complaint, p. 16 at ¶ 22. The Certificate of Title was recorded on ***May 7, 2015***. *Id*.

As noted above, the instant litigation was not commenced until ***May 28, 2017***, more than two years after the Certificate of Title was issued to Wells Fargo Bank, N.A., as Trustee. Although the Complaint emphasizes that Wells Fargo Bank, N.A., as Trustee is not a Defendant to this action, Plaintiff's counsel failed to disclose the existence of the Stipulation releasing Plaintiff's instant claims against the Gassel Firm. *See* Complaint, p. 3 at ¶ 3. Moreover, even a cursory review of the Stipulation he executed and the relevant Florida and Federal laws should have notified Plaintiff's counsel that the legal theories pled against the Gassel Firm have no

chance of success, and that the claims asserted against the Gassel Firm in the instant litigation are untimely, frivolous, and cannot be maintained in good faith.

For these reasons, the Gassel Firm requests that sanctions be levied against Plaintiff's counsel for his improper behavior.

## LAW AND ARGUMENT

### I. RULE 11 SANCTIONS ARE WARRANTED IN THIS INSTANCE AGAINST PLAINTIFF'S COUNSEL

#### A. Standard for Rule 11 Sanctions

Federal Rule of Civil Procedure 11 imposes an affirmative duty on attorneys to conduct a reasonable inquiry into the validity of a pleading before it is signed. *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1326 (S.D. Fla. 2007) (citing *Donaldson v. Clark*, 819 F. 2d 1551, 1555 (11th Cir. 1987)). Rule 11 permits a court to impose sanctions on an attorney who presents to the court a pleading, motion, or other paper that contains claims, defenses, other legal contentions that are not warranted by either existing law or a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. *Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1277-78 (S.D. Fla. 2010) (citing Fed. R. Civ. P. 11(b)(1)). Rule 11 also permits the imposition of sanctions if the factual contentions contained in the pleading, motion, or other paper do not have evidentiary support. *Bautista*, 696 F. Supp. 2d at 1278 (citing Fed. R. Civ P. 11(b)(2)).

Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." *Bautista*, 696 F. Supp. 2d at 1278 (citing Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments). Every lawyer is an officer of the court and, as such, in addition to his duty of diligently researching his client's case, he

always has a duty of candor to the tribunal. *Bautista*, 696 F. Supp. 2d at 1278 (citing *Burns v. Windsor Insurance, Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)). Therefore, "[a]ll attorneys, as 'officers of the court,' owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly." *Bautista*, 696 F. Supp. 2d at 1278 (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir. 1993)).

The purpose of Rule 11 is not to deter novel legal arguments or cases of first impression but to deter frivolous lawsuits and filings. *Bautista*, 696 F. Supp. 2d at 1278 (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Bautista*, 696 F. Supp. 2d at 1278 (citing *Baker* v, 158 F.3d at 524).

In the Eleventh Circuit, "a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous-in view of the facts or law-and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

The court may impose sanctions under Rule 11 either on a party's motion, or on the court's own initiative. *Bernal*, 479 F. Supp. 2d at 1326 (citing Fed. R. Civ. P. 11(c)(1)). When a party seeks Rule 11 sanctions it must satisfy the "safe harbor" provisions of Rule 11(c)(1)(A). *Id*. Specifically, the party must describe in its motion "the specific conduct alleged to violate subdivision (b)" of the rule and serve the motion on opposing counsel, but not file it with the

court, unless within 21 days after service "the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." *Bernal*, 479 F. Supp. 2d at 1326 (citing Fed. R. Civ. P. 11(c)(1)(A)).

**B. Plaintiff's Counsel Failed to Disclose that he Executed a Stipulation Releasing Plaintiff's Claims Against the Gassel Firm**

The instant Complaint improperly omits a material fact: that Plaintiff's counsel executed a Stipulation in the foreclosure action waiving and releasing all other rights the Plaintiff (as the State Court defendant) may have against Wells Fargo Bank, N.A. as Trustee, and the Gassel Firm as its counsel. *See* Exhibit "D," ¶ 2.

*1. The Stipulation Executed in the State Court Matter Released Plaintiff's Claims against the Gassel Firm*

"Releases are a form of contract, and therefore, must be interpreted pursuant to contract law." *Allapattah Servs., Inc. v. Exxon Corp.*, 188 F.R.D. 667, 682 (S.D. Fla. 1999) (internal citations omitted). "A party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) (quoting *Med. Ctr. Health Plan v. Brick*, 572 So. 2d 548, 551 (Fla. 1st DCA 1990)). FDCPA, FCCPA, tort, and contract claims which fall squarely within the language of a previously executed release are barred from subsequent litigation. *Little v. Seterus, Inc.*, 2017 U.S. Dist. LEXIS 21266, at *6-9 (S.D. Fla. Feb. 13, 2017).

It is undisputed that the Gassel Firm served as counsel for Wells Fargo Bank, N.A., as Trustee in the State Court action. *See* Complaint, p. 3 at ¶ 5 and p. 10 at ¶ 1.5. It does not appear that Plaintiff's counsel secured her signature on the Stipulation; nevertheless, Plaintiff's counsel executed same on her behalf and is well aware of the release of all claims against the

Gassel Firm. In fact, in compliance with the Stipulation, Wells Fargo Bank, N.A., as Trustee, has not been named as a Defendant in the instant action. *Id*., p. 3 at ¶ 3. In addition, the State Court ratified the Stipulation and ordered the parties to comply with same. *See* Exhibit "E."

*2. The Instant Claims are not Based on New Information and were Knowingly Released*

Significantly, the claims released by Plaintiff in the foreclosure action are similar to those now asserted and Plaintiff's counsel cannot argue that the instant claims are based on newly acquired information.

More particularly, in the foreclosure action, Plaintiff alleged irregularities in the mortgage, assignments of same, and judicial sale of the property, and that the Gassel Firm had acted improperly with regard to its representation of Wells Fargo Bank, N.A., as Trustee against the Plaintiff. *See* Exhibit "A." Exhibit "A" included allegations that the Gassel Firm violated the FDCPA. *Id*. at p. 47. The State Court struck Exhibit "A" as a sham pleading. *See* Exhibit "B."

Subsequently, Plaintiff's counsel sought rehearing and again asserted claims similar to those alleged in the instant Complaint relating to the mortgage and sale of the property. *See* Exhibit "C." Wells Fargo Bank, N.A., as Trustee sought sanctions against Plaintiff and her counsel in the foreclosure action for the repeated filing of sham pleadings. In order to avoid such sanctions, Plaintiff's counsel executed the Release. *See* Exhibit "D." The consideration for this release was Wells Fargo Bank, N.A., as Trustee's agreement to withdraw its Motion for Sanctions and Attorney's Fees against Plaintiff and her counsel. *Id*. at ¶ 4.

Accordingly, Plaintiff and her counsel were aware of the instant claims prior to execution of the Stipulation and knowingly released these claims, including claims against the Gassel Firm. *See* Exhibits "A," C," and "D."

*3. Sanctions are Appropriate for Plaintiff's Counsel's Improper Actions*

Failure by counsel to disclose the existence of a Release may constitute sanctionable behavior, particularly when combined with other improper actions. *See Bautista*, 696 F. Supp. 2d at 1279 – 81 (where counsel failed to disclose settlement and signed releases, ignored the current state of the law, and attempted to mislead court by failing to disclose controlling precedent). The *Bautista* Court found that "Plaintiffs' counsel's failure to inform the Court of the existence of the settlements and signed releases, not just a material fact but *the dispositive fact* as to Plaintiffs' motion to supplement or amend the complaint, demonstrates a complete lack of candor to the Court and constitutes a "deliberate indifference to obvious facts." *Bautista*, 696 F. Supp. 2d at 1279-80 (emphasis in original).

In the instant matter, Plaintiff's counsel has failed to disclose a material and dispositive fact, the existence of the Stipulation he executed. The existence of the Stipulation waiving and releasing Plaintiff's claims against the Gassel Firm is a material and dispositive fact relative to Plaintiff's ability to maintain the instant action. Moreover, Plaintiff's counsel has asserted patently frivolous claims against the Gassel Firm which ignore the current state of the law. Consequently, sanctions are warranted in this matter.

### C. Five of the Six Causes Alleged Against the Gassel Firm Are Untimely on their Face

The Complaint attempts to state six (6) causes of action against the Gassel Firm. On its face, however, the Complaint reflects that five (5) of these claims are barred by the applicable Statutes of Limitation: Violation of 15 USC 1692e(10) § 807(2)(a) (Fourth Cause of Action), Violation of 15 USC 1692e § 807(2)(a) (Seventh Cause of Action); Slander of Title (Tenth Cause of Action); Violations of the Florida Consumer Collection Practices Act and the Fair Debt Collection Practice Act (Eleventh Cause of Action); and Violation of 15 U.S.C. § 1692 et. seq. (Fourteenth Cause of Action). Plaintiff's counsel should have been aware that these claims were patently frivolous.

#### *1. The Fourth Cause of Action Alleging FDCPA Violations is Untimely*

The Gassel Firm is listed as a Defendant in the heading of Plaintiff's Fourth Cause of Action alleging violations of 15 U.S.C. Section 1692e of the Fair Debt Collection Practices Act (the "FDCPA"). *See* Complaint, p. 23. However, there are no allegations in the Fourth Cause of Action referencing the Gassel Firm. *Id*., p. 23 at ¶ 1 through p. 24 at ¶ 21. Nevertheless, to the extent the Fourth Cause of Action attempts to state a claim against the Gassel Firm under 15 U.S.C. Section 1692e, it is barred as untimely.

Section 1692k(d) of the FDCPA unambiguously mandates a one year statute of limitations within which to file an FDCPA claim "from the date on which the violation occurs." 15 U.S.C. § 1692k(d). This time limitation is jurisdictional. *Id*. The Fourth Cause of Action relates to the Summary Judgment of March 19, 2014, entered over ***three years prior to suit being filed***. Accordingly, the Fourth Cause of Action is untimely, and a cursory review of the FDCPA

should have informed Plaintiff's counsel that this legal theory has no reasonable chance of success.

*2. The Seventh Cause of Action Alleging FDCPA Violations is Untimely*

The Seventh Cause of Action is also alleged against the Gassel Firm pursuant to Section 1692e and is, as such, subject to the same one-year jurisdictional time limitation addressed above. *See* 15 U.S.C. § 1692k(d).

The Seventh Cause of Action arises from the Notice of Judicial Sale by the Clerk, filed on August 22, 2014 and the September 22, 2014 judicial sale of the Plaintiff's property. *See* Complaint, p. 27 at ¶¶ 1 – 8. These events occurred ***nearly three (3) years prior to suit being filed*** and are far outside the statute of limitations. Again, even a fleeting review of the FDCPA should have alerted Plaintiff's counsel to the frivolous nature of his allegations.

*3. The Tenth Cause of Action Alleging Slander of Title is Untimely*

The Tenth Cause of Action is ostensibly alleged "Against each and all Defendants." *See* Complaint, p. 30. However, the Gassel Firm is not referenced in the Tenth Cause of Action in any way. *See* Complaint, p. 30, ¶ 1 through p. 31, ¶ 6. Nevertheless, even if the Tenth Cause of Action were to state a claim against the Gassel Firm, it would be barred as untimely. Florida law has been settled for over half a century that the Statute of Limitations for a Slander of Title action is two (2) years. *Carey v. Beyer*, 75 So. 2d 217, 217 (Fla. 1954).

The Tenth Cause of Action is premised on the Notice of Judicial Sale of August 22, 2014 and the Certificate of Title issued on May 1, 2015 and recorded on May 7, 2015. However, the instant litigation was not commenced until May 28, 2017, ***more than two years*** after the

Certificate of Title was recorded. As such, the Tenth Cause of Action is untimely pursuant to well-settled Florida law. Plaintiff's counsel should have been aware of the appropriate statute of limitations upon a reasonable inquiry into the validity of this claim.

*4. The Eleventh Cause of Action Alleging FCCPA and FDCPA Violations is Untimely*

The Eleventh Cause of Action purports to include "each and ALL Defendants," and alleges violations of both Section 559.72, Fla. Stat., of the FCCPA and Section 1692e of the FDCPA in the same count. *See* Complaint, p. 31.

The Eleventh Cause of Action, however, does not contain any allegations and, instead, outlines an incomplete history of REMICs. In fact, paragraph 3 of the Eleventh Cause of Action appears to abruptly break off mid-sentence. *Id.*, p. 32 at ¶ 3. Nevertheless, even if the Eleventh Cause of Action contained allegations against the Gassel Firm relating to violations of the FCCPA and FDCPA, such claims would be untimely.

The Statute of Limitations for an FCCPA claim is two (2) years from "the date the alleged violation occurred." § 559.77(4), Fla. Stat. In the instant matter, more than two years have passed since any of the events pled by Plaintiff as underlying her Complaint. *See* Complaint, p. 15 at ¶¶ 17 – 18 and p. 16 at ¶¶ 21 – 22. Moreover, as noted above, the one-year statute of limitations under the FDCPA has long since passed. *See* 15 U.S.C. § 1692k(d). Further, filings from the underlying foreclosure matter demonstrate that the instant claims do not arise from any newly discovered facts or information. *See* Exhibits "D" and "E."

Plaintiff's counsel had an obligation to review the applicable Statutes and Statutes of Limitations prior to filing suit. Plaintiff's counsel should have been aware that the purported claims under the FDCPA and FCCPA were untimely and frivolous.

*5. The Fourteenth Cause of Action Asserting FDCPA violations is Untimely*

The Fourteenth Cause of Action includes allegations that Wells Fargo Bank, N.A. and its attorneys violated Sections 1692d, 1692g, and 1692e of the FDCPA by their efforts to collect a debt. *See* Complaint, p. 36 at ¶ 4 through p. 37 at ¶ 5. The Fourteenth Cause of Action fails to plead any specific facts against this Defendant and instead sets forth a laundry list of statutory elements. Despite this pleading deficiency, it is clear from the Complaint that the Fourteenth Cause of Action arises from the State Court matter that commenced in 2010 and ended, at the latest, with recording of the Certificate of Title on May 7, 2015. *Id*., p. 16 at ¶ 22.

The Fourteenth Cause of Action is therefore untimely under the FDCPA's jurisdictional one-year Statute of Limitations and Plaintiff can prove no set of facts in support of this claim. *See* 15 U.S.C. § 1692k(d). As also noted above, Plaintiff's counsel had an obligation to review the FDCPA prior to asserting claims under the Statute and should have been aware that his claims had no chance of success.

**D. Three of Plaintiff's Causes of Action are Barred by the Absolute Litigation Privilege**

In addition to the pleading defects and untimeliness of Plaintiff's claims, Florida's absolute litigation privilege bars the causes of action attempting to assert Slander of Title (Tenth Cause of Action); Violations of the Florida Consumer Collection Practices Act and the Fair Debt Collection Practice Act (Eleventh Cause of Action); and Violations of the Florida Deceptive and Unfair Trade Practices Act ("Twelveth" [sic] Cause of Action). Plaintiff's counsel should have been aware that these claims were not warranted under the law.

*1. Florida's Absolute Litigation Privilege, Generally*

Under Florida law, "absolute immunity [is] afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . , so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*., 639 So. 2d 606, 608 (Fla. 1994). This absolute immunity applies "not only to the parties in a proceeding but [also] to judges, witnesses, and counsel as well." *Id.* "Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *Id.*; *see also DelMonico v. Traynor*, 116 So. 3d 1205, 1214 (Fla. 2013) (noting that recognition of absolute privilege is "premised on two concerns: (1) that the initial trial would needlessly devolve into another trial; and (2) that the potential exposure to a subsequent lawsuit would have a chilling effect on litigants seeking to redress their injuries."). "The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007).

*2. The Litigation Privilege Bars Plaintiff's Slander of Title Claim*

Plaintiff's Tenth Cause of Action purports to state a claim for Slander of Title. *See* Complaint, pp. 30 – 31. Slander of title involves defamation of property interests. *Sailboat Key v. Gardner*, 378 So. 2d 47, 48 (Fla. 3d DCA 1979). It is well-settled that Florida's litigation

privilege applies to slander of title claims. *Sailboat Key*, 378 So. 2d at 49; *Procacci v. Zacco*, 402 So. 2d 425, 427 (Fla. 4th DCA 1981); *see also Phillips v. Epic Aviation, LLC*, 2017 U.S. Dist. LEXIS 6986, at *109 (M.D. Fla. Jan. 18, 2017).

In the instant matter, Plaintiff's untimely slander of title claim relates to the Notice of Judicial Sale and Certificate of Title which were filed in the underlying foreclosure action. *See* Complaint, p. 30 at ¶ 2. As such, the alleged slander of title is directly related to and occurred during the course of a judicial proceeding. *See Levin*, 639 So. 2d at 608. Consequently, the litigation privilege bars the Tenth Cause of Action and Plaintiff's counsel has asserted a frivolous claim that is untimely and unsupported by law.

*3. The Absolute Litigation Privilege Applies to FDUTPA and FCCPA Claims*

The Eleventh Cause of Action purports to state a claim under the FCCPA although again, no actual claim is stated. *See* Complaint, pp. 31 – 32. Nevertheless, the face of the Complaint demonstrates that all of Plaintiff's allegations regarding this Defendant arise directly from the Gassel Firm's actions in representing its client in the State Court matter. *See id.*, p. 3 at ¶ 5; p. 4 at ¶ 9; p. 10 at ¶ 1.5; p. 15 at ¶ 14 through p. 16 at ¶ 23; p. 23 at ¶ 4 through p. 24 at ¶ 7; p. 27 at ¶¶ 2 – 7; and p. 30 at ¶ 2; p. 32 at ¶ 2.

Similarly, the Twelfth Cause of Action attempts to state FDUPTA claim against the Gassel Firm arising from "enforcement of a note that was never validated" and "using a summary judgment that did not comply with" Florida law. *See* Complaint, p. 32 at ¶ 2. From the face of the Complaint it is clear that Plaintiff's FDUTPA claim arises exclusively from the underlying State Court matter.

The claims in *Echevarria* were based on violations of FDUTPA and the FCCPA by a law firm acting on behalf of mortgage lenders in foreclosure proceedings. *Echevarria*, 950 So. 2d at 381. The Florida Supreme Court held that the litigation privilege could be invoked when a statutory cause of action was being litigated, such as the claims under the FDUTPA and the FCCPA, just as it could when tortious behavior was at issue. *Id*. at 380-81, 383. This Court has recognized that FCCPA and FDUTPA claims are barred by the litigation privilege when premised on activities inherently part of a judicial proceeding. *See Beekman v. eXL Legal, PLLC*, 2016 U.S. Dist. LEXIS 177521, at *7-8 (S.D. Fla. Dec. 21, 2016); *Piguet v. J.P. Morgan Chase Bank, N.A.*, 2017 U.S. Dist. LEXIS 66540, at *7-8 (S.D. Fla. May 2, 2017); *Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1371 (S.D. Fla. 2009)("In holding that attorneys could avail themselves of the litigation privilege for FDUTPA claims, the [Florida Supreme] court necessarily determined that attorney conduct fell within the purview of the statute.")

The instant Complaint falls squarely within *Echevarria*, as it alleges violations of FDUTPA and the FCCPA by a law firm acting on behalf of a mortgage lender in foreclosure proceedings. *See* Complaint, p. 13 at ¶ 1 through p. 15 at ¶ 17. [1] Accordingly, under settled Florida law, Plaintiff's Eleventh Cause of Action alleging FCCPA violations and Twelfth Cause of Action alleging FDUTPA violations are barred by the absolute litigation privilege.

Plaintiff's counsel had an obligation to research the viability of his claims prior to filing same, and he should have been aware that his claims against the Gassel firm were barred by Florida law.

[1] As noted in the Complaint, the Gassel Firm became involved in the foreclosure action after same had been commenced by predecessor counsel. *See* Complaint, p. 3 at ¶ 5 and p. 10 at ¶ 1.5.

**E. Plaintiff's FDUTPA Claim Against the Gassel Firm Ignores Current Law**

As noted above, the Twelfth Cause of Action alleges to state a FDUTPA claim against each Defendant as a result of the State Court matter. *See* Complaint, p. 32 at ¶ 2. The Gassel Firm's only involvement in the State Court matter was as counsel for its client, Plaintiff's adversary. *Id.*, p. 3 at ¶ 5. Courts have determined that a plaintiff fails to state a cause of action under the FDUTPA where it claims that a law firm violated the FDUTPA as to the plaintiff while representing another party's legal rights, and a reasonable inquiry should have informed Plaintiff's counsel that this claim was frivolous.

"Federal district courts in this circuit and Florida state courts have found that attorney conduct does not fit the definition of "trade or commerce" under FDUTPA." *Ellis v. Warner*, 2017 U.S. Dist. LEXIS 22109, at *62 (S.D. Fla. Feb. 16, 2017).

Representation of another party's legal rights is not engaging in trade of commerce as to the plaintiff, who did not purchase or consume any services from the defendant law firm. *See Kelly*, 681 F. Supp. 2d at 1375 (finding that a law firm's representation of its clients to pursue civil theft remedies against the plaintiffs did not fall within the FDUTPA's meaning of "trade or commerce."); *Economakis v. Butler & Hosch*, 2014 U.S. Dist. LEXIS 26779, 9-10 (M.D. Fla. March 1, 2014) (granting the defendant's motion to dismiss because allegations pertaining to the defendant's representation of a third party in attempting to enforce that third party's mortgage against the plaintiff did not give rise to an FDUTPA cause of action); *see also Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1322 (S.D. Fla. 2012) (granting the defendant's motion to dismiss because even though the relationship between the defendant and the third party

could constitute engaging in trade or commerce, the defendant's debt collection efforts aimed at the plaintiff did not constitute engaging in trade or commerce as to the plaintiff).

In the instant matter, the Complaint reflects that the Gassel Firm acted as counsel representing its client's legal rights in the underlying foreclosure matter against the client's adversary, Plaintiff. *See* Complaint, p. 3 at ¶ 5 and p. 10 at ¶ 1.5. For this additional reason, Plaintiff's attempt to allege a FDUTPA violation against the Gassel Firm fails as a matter of well-settled law.

Again, Plaintiff's counsel had a duty to research Plaintiff's claims and should have known that the FDUTPA claim was frivolous. Plaintiff's counsel's apparent disregard for the law is a grounds for sanctions in this matter.

### F. The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims

Moreover, as pled in the Complaint, Plaintiff's claims against the Gassel Firm are inextricably intertwined with the Foreclosure Judgment. Each of Plaintiff's claims against the Gassel Firm can succeed only if the State Court wrongfully decided the issues, and granting Plaintiff's requests for relief will "effectively nullify" the State Court Foreclosure Judgment validating the debt and authorizing foreclosure.

More specifically, Plaintiff's suit is premised on the alleged invalidity of the debt underlying the Foreclosure Judgment and the theory that each Defendant conspired to harm her by enforcing the invalid debt on behalf of a creditor who did not legally own the debt. *See id*., p. 4 at ¶ 8; pp. 7 – 10; pp. 13 – 16. Indeed, Plaintiff specifically alleges that the Foreclosure Judgment entered by the State Court violated Florida law and that the State Court matter was a "wrongful foreclosure." *Id*. at p. 15, ¶ 17; p. 16, ¶ 23. Accordingly, Plaintiff's causes of action

pled against the Gassel Firm are uniformly based on purported errors in the Foreclosure Judgment and subsequent judicial sale authorized by the Foreclosure Judgment. *Id*. at p. 23, ¶¶ 4 – 6; p. 27, ¶¶ 8 – 7; p. 30, ¶ 2; and p. 31, ¶¶ 2 – 3.

Further, Plaintiff's Prayer for Relief seeks damages in the amount of "$478,000.00" representing the cost of the property subject to foreclosure, along with damages for "loss of her apartment due to a foreclosure action filed without having the correct paperwork, filed on behalf of a Plaintiff that had not validated the Debt, and has not validated that the Debt is owed by TAUFER." *See* Complaint, p. 40 at ¶¶ 6 – 7.

In order to grant Plaintiff's requested relief, with the exception of statutory damages under the FDCPA and FCCPA, this Court would have to find that the State Court wrongfully validated the debt and improperly entered the Foreclosure Judgment. Consequently, the Complaint reflects that Plaintiff's claims are inextricably intertwined with the Foreclosure Judgment and, as a result, are barred by the *Rooker—Feldman* doctrine. *Flournoy v. Gov't Nat'l Mortg. Ass'n*, 156 F. Supp. 3d 1375, 1378 – 82 (S.D. Fla. 2016).

The instant Complaint exhibits a deliberate indifference to facts and law and is comprised of myriad frivolous theories, unsupported in fact or law. Plaintiff's counsel should be sanctioned for his blatant failure to comply with the requirements of Rule 11.

## CONCLUSION

The instant litigation is a largely untimely continuation of the bad-faith tactics unsuccessfully employed by Plaintiff's counsel in the underlying State Court matter and Plaintiff was previously sanctioned by the State Court for filing sham pleadings. *See* Exhibit "B." More than two (2) years after recording of the Certificate of Title in the underlying matter, Plaintiff's

counsel filed the instant frivolous Complaint, failing to disclose the Stipulation and release he executed on April 9, 2015. Plaintiff's counsel has breached his obligations under Rule 11 and his lack of candor, indifference, and disregard for the law and facts have imposed on this Court and the Gassel Firm undue burdens of time and expense.

The instant Motion was electronically served upon Plaintiff's counsel on July 3, 2017; however, Plaintiff's counsel failed to withdraw the Complaint or otherwise remediate his wrongful conduct.

For the above reasons, the Law Office of Gary Gassel, P.A. requests that Rule 11 Sanctions be imposed upon Alfonso Oviedo-Reyes, counsel for Plaintiff, due to his improper actions in this matter.

**LOCAL RULE 7.1 CERTIFICATE AND RULE 11 CERTIFICATE**

Pursuant to Local Rule 7.1, I certify that I have attempted to confer with Plaintiff's counsel through written communication in a good faith attempt to resolve these issues and that I served the Motion for Sanctions upon Plaintiff's counsel via email on July 3, 2017. *See* Exhibit "F." The challenged papers as described above, however, were not withdrawn.

Dated: July 31, 2017
Vero Beach, FL 32960

Respectfully submitted,

By: s/ Lewis W. Murphy, Jr.

**Lewis W. Murphy, Jr.**
Florida Bar No. 0909467
**Elisa C. Mills**
Florida Bar No. 110763
wmurphy@murphywalker.com
emills@murphywalker.com
MURPHY & WALKER, P.L.
*Attorneys for Law Office of Gary Gassel, P.A.*
2001 U.S. Highway 1
Vero Beach, Florida 32960
Telephone: (772)231-1900
Facsimile: (772)231-4387

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically **via e-mail** upon: **Alfonso E. Oviedo-Reyes, Esquire**, *counsel for the Plaintiff*, 8370 W. Flagler Street, Suite 110, Miami, Florida 33144, oviedo13@gmail.com, on July 3, 2017, and was served electronically **via CM/ECF** upon: **Alfonso E. Oviedo-Reyes, Esquire**, *counsel for the Plaintiff*, 8370 W. Flagler Street, Suite 110, Miami, Florida 33144, oviedo13@gmail.com, and **Zina Gabsi, Esquire**, *counsel for Defendant, JP Morgan Chase Bank, N.A.*, 200 S. Biscayne Blvd., Suite 400, Miami, FL 33131, gabsiz@bryancave.com, and **Asher Perlin, Esquire**, *counsel for Defendant, Ben Ezra and Katz, P.A.*, 4600 Sheridan Street, Suite 303, Hollywood, FL 33021-3409, asherperlin@gmail.com and asher@asherperlin.com, this 31st day of July, 2017.

s/ Lewis W. Murphy, Jr.
Lewis W. Murphy, Jr.