## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT,
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA
## CIVIL DIVISION

**WELLS FARGO BANK, N.A. NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS
TRUSTEE FOR THE RMAC REMIC TRUST
SERIES 2010-3**

      **Plaintiff,**　　　　　　　　　　　　　**Case # 10-58746-CA-13**

      **Vs**

**CARMEN TAUFER**

      **Defendant**

_____

## MOTION FOR REHEARING
## AND
## DEFENDANT CARMEN TAUFER'S
## AMENDED OBJECTION TO FORECLOSURE SALE,
## MOTION TO VACATE THE SUMMARY JUDGMENT
## AND
## TO DISMISS THIS FORECLOSURE ACTION

COMES NOW, CARMEN TAUFER, (hereinafter referred to as "Defendant"), by and through the undersigned attorney, and hereby files Motio for Rehearing and Defendant's Amended Objection to Sale pursuant to Florida Statute §45.031, (which authorizes objections to judicial foreclosure sales if timely made. Defendant has the right to file an objection within 10 days after the Certificate of Sale has been issued and this Objection is being filed within that time allowed), Motion to Vacate Sale and to Vacate the Summary Judgment of Foreclosure pursuant to Rule 1.540(b)(4) of the Florida Rules of Civil Procedure and in support thereof states as follows:

The undersigned fell ill on the day that this matter was set by Counsel for the Bank set the case for Hearing on my Motions. The matter was set without my consensus or approval. Unfortunately, I have been ill for the last three months and while under medication and medical control, the undersigned had a terrible day on February 24th 2015. The undersigned was allowed to return to work by his Cardiologist only until 2-16-2015, but even after that date the

**Exhibit "C"**

Case # 10-58746-CA-13

undersigned has had bad days where he has been unable to work. For this reason he respectfully request to have these motions reheard so that his client may not be prejudiced by his health condition which is no fault of hers. My apologies to the Court and to opposing Counsel, but I was unable to attend the Hearing and only now are able to request a rehearing of the same.

## I.   LEGAL STANDARD FOR RECONSIDERATION

1. A Court has the inherent authority and discretion to reconsider its own order outside of this rule. Bettez v. City of Miami, 510 So.2d 1242, 1242-43 (Fla.3d DCA 1987) (trial court has discretion to reconsider its own orders).

2. The Defendant's Attorney Alfonso Oviedo-Reyes, suffered a heart condition right after he was hired by Defendant back in November 2014, and he has been admitted to the hospital a few times and has gone through difficult time during the past few weeks preventing him from being 100% of himself and this is the reason why he did not show up at the hearing held on February 24, 2015, even though he had accepted from opposite consul the scheduled date offered to him.

3. The Court has not heard Defendant's Objection to the foreclosure sale and Defendant is filing this Amended Objection to the Sale of her property highlighting the reasons why this sale should be vacated.

4. The Court has not heard any of the Pro-Se Motions filed by Defendant Carmen Taufer and those motions should be heard as soon as possible.

5. Those Pro-Se Motions filed by Defendant Carmen Taufer are as follow:

   - On 05/19/2011, Defendant filed a Pro-Se DEFENDANT'S CARMEN TAUFER'S MOTION TO QUASH ANY ATTEMPTED SERVICE OF PROCESS AND TO DISMISS ACTION WITH PREJUDICE.

     SAID MOTION WAS FILED APPROXIMATELY SIX MONTHS AFTER THE FORECLOSURE ACTION WAS FILED ON OR AROUND 11/04/2010.  IT IS A VALID MOTION BUT IT WAS NEVER HEARD

     ON 05/22/2012, 2 ½ YEARS LATER, AFTER THE FORECLOSURE ACTION HAD COMMENCED THIS HONORABLE COURT ISSUED

Case # 10-58746-CA-13

AN ORDER *"DENYING DEFENDANT'S MOTION TO QUASH SERVICE"*.

THE HEARING TO HEAR THIS MOTION WAS HELD WITHOUT DEFENDANT BEING SERVED OR NOTIFIED.  DEFENDANT WAS NEVER SERVED WITH A NOTICE OF HEARING. AND MORE THAN TWO AND A HALF YEARS WENT BY BEFORE THE COURT ISSUED SAID ORDER.

- On 04/29/2014, Defendant filed a Pro-Se Motion titled: DEFENDENT CARMEN TAUFER'S MOTION TO VACATE FINAL JUDGMENT OF FORECLOSURE AND TO QUASH THE JUDICIAL SALE,

  ON 05/20/2014, A MONTH AFTER THE FILING OF THE MOTION THIS HONORABLE COURT ISSUED AN ORDER       *"GRANTNG PLAINTIFF MOTION TO STRIKE DEF MOTION TO VACATE FINAL JUDGEMENT"*

  THE DEFENDANT WAS NOT AT THE HEARING BECAUSE THE DEFENDANT WAS NOT SERVED WITH ANY MOTION TO STRIKE DEFENDANT'S MOTION TO VACATE FINAL JUDGMENT AND WAS NOT SERVED WITH ANY NOTICE OF HEARING

- On 09/29/2014, Counsel filed on behalf of Defendent "CARMEN TAUFER'S OBJECTION TO FORECLOSURE SALE,MOTION FOR SANCTIONS AGAINST PLAINTIFF AND ITS ATTORNEYS, MOTION TO VACATE THE SUMMARY JUDGMENT AND TO DISMISS THIS FORECLOSURE ACTION WITH PREJUDICE FOR NEGLIGENCE AND MISREPRESENTATION BY THE PLAINTIFF AND ITS ATTORNEYS"

  On February 24, 2015, a hearing was held, current counsel was notified but for reasons of health could not attend said hearing.  Counsel will present to this Court the clinical history or letter from personal doctors on his health condition.

6. Attorney Oviedo-Reyes requests this Honorable Court to set a hearing to hear Defendant's Amended Objection to the Sale of her property and all the motions filed Pro-Se by the Defendant.

7. Defendant Carmen Taufer would like to clarify all the misrepresentation and negligence committed by the Plaintiff and its previous and current attorneys and will

Case # 10-58746-CA-13

present to this Honorable Court the facts as they are and not as the Plaintiff wants the Court to see.

8. The attorney representing the Plaintiff was the Law Office of Ben-Ezra & Katz, P.A., now closed as a result of investigation by the Attorney General of Florida Bill McCollum for commencing foreclosure actions without serving the borrowers properly, without having the proper paperwork, for filing fabricated evidence such as fraudulent assignment of mortgage and filing affidavits of amounts due and owing without having personal knowledge of the facts which Defendant has discovered all these irregularities are present in this foreclosure action from the very beginning and the current attorney has completely ignored and has continued with the foreclosure action.

9. Defendant was never properly served with the Summons and Complaint and was not served with the Notice of Sale of her property. Defendant had filed a Motion to Quash any Attempted Service but the Plaintiff completely ignored and this foreclosure action went for over one year without any activity. She was denied her Right of Redemption, her Right To Due Process.

10. Further, "'it is reversible error for a trial court to deny a party an evidentiary hearing to which [the party] is entitled.'" Avi-Isaac v. Wells Fargo Bank, N.A., 59 So. 3d 174, 177 (Fla. 2d DCA 2011) (quoting Sperdute v. Household Realty Corp., 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991)).

## II.  REASONS A FORECLOSURE SALE MAY BE SET ASIDE

1. Generally, to set aside a foreclosure sale, the homeowner must show:

   A.  An inadequate sale price that shocks the conscience

   B.  Non-compliance with the terms of the mortgage, or

   C.  Irregularity in the foreclosure process that makes sale void under state law

2. Defendant will show that an inadequate sale price that shocks the conscience was paid, that the Plaintiff did not comply with the terms of the mortgage and will also show irregularities in the foreclosure process that makes sale foreclosure sale void under Florida State Law.

Case # 10-58746-CA-13

3. Plaintiff WELLS FARGO BANK, N.A. NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC REMIC TRUST SERIES 2010-3, in this foreclosure action violated just about every Rule of Civil Procedure, Rule of Evidence, Florida Statutes and some Federal Laws, including the Dodd-Frank Act that defendant will explain later;

4. The Defendant will first provide the reasons why this foreclosure sale should be vacated and why the Final Summary Judgment is void ab-initio.

5. The Defendant CARMEN TAUFER is the current owner of the real property and improvement located in Miami-Dade County, Florida, located at 888 South Douglas Road, Unit 1502, Coral Gables, FL 33134, since October 3, 2007;

6. A Foreclosure Sale was held on 09/18/2014, for the above described property;

7. Defendant was never served with a Motion to Schedule the Sale of her property and was never served with an Order of Sale.  She was denied her Right to Redemption, her Right to Due Process.

8. A Certificate of Sale was issued on 09/23/2014;

9. Defendant has not received copy of said Certificate of Sale as required by F.S. §45.031(4). CERTIFICATION OF SALE; *After a sale of the property the clerk shall promptly file a certificate of sale <u>and serve a copy of it on each party</u>* . . . .Defendant was never served with a copy of the Certificate of Sale.

10. On 09/29/2014, Defendant filed her Objection to Sale.


### A. AN INADEQUATE SALE PRICE THAT SHOCKS THE CONSCIENCE
### "DEFENDANT'S PROPERTY SOLD FOR AN INADEQUATE SALE PRICE THAT SHOCKS THE CONSCIENCE"

11. As per Auction Results, the Plaintiff purchased the property for $20,100.00.  This is only .003724%, of the total amount of the Summary Judgment of $539,723.23

12. The purchase price paid by the Plaintiff is grossly inadequate that shocks the conscience!

13. Defendant Carmen Taufer objects to the sale in that the price paid by the Plaintiff is a shock to the conscience.

Case # 10-58746-CA-13

14. In the past, there was some dispute as to whether or not proof of these facts alone would justify setting aside the sale. However, in Nicholas Arsali v. Chase Home Finance LLC, 38 Fla. L. Weekly S562a (Fla. July 11, 2013), the Florida Supreme Court was presented with this very issue and has clarified that, in this situation, the trial court may set aside the foreclosure sale and dismiss the foreclosure action.

15. In Arsali, the lender had obtained summary judgment of foreclosure and a foreclosure sale was scheduled. However, the lender and the borrowers reached an agreement to reinstate the loan. The borrowers timely complied with the requirements to reinstate the loan, but the lender's counsel neglected to have the foreclosure sale canceled. Accordingly, the sale proceeded as scheduled and a third-party purchaser submitted the successful bid. Before the certificate of title was issued, the borrowers timely objected to the sale pursuant to Fla. Stat. §45.031 by filing a motion to vacate sale and certificate of sale. The third-party purchaser was granted leave to intervene and a hearing was held on the borrowers' motion to vacate. After considering evidence establishing the agreement to reinstate and the borrowers' compliance with that agreement, the trial court granted the borrowers' motion, vacated the sale and certificate of sale, ordered that all funds paid by the third-party purchaser be returned, vacated the foreclosure judgment, and dismissed the case. The third-party purchaser then filed a motion for rehearing, which the trial court denied.

16. The third-party purchaser appealed the trial court's rulings, but the Fourth District Court of Appeals affirmed, Arsali v. Chase Home Finance, LLC, 79 So.3d 845 (Fla. 4th DCA 2012), receding from its prior opinion in Blue Star Investments, Inc. v. Johnson, 801 So.2d 218 (Fla. 4th DCA 2001). The Fourth District explained that inadequacy of price need not be established in every attempt to set aside a foreclosure sale and that two different tests are to be applied depending on the basis for the request: (1) the test set forth in Moran-Allen Co. v. Brown, 123 So. 561 (Fla. 1929), when grounds other than inadequacy of bid price are presented; and (2) the test set forth in Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966), when inadequacy of bid price is a basis for the request.

17. The Florida Supreme Court granted review as a pure legal issue of great public importance, rephrasing the Fourth District's certified question as follows:

Case # 10-58746-CA-13

### DOES INADEQUATE BID PRICE NEED TO BE ALLEGED AND PROVEN IN ORDER TO SET ASIDE A JUDICIAL FORECLOSURE SALE?

18. The Florida Supreme Court began its analysis by clarifying apparent prior misunderstandings and confirming that the decisions in Brown and Arsali are not in conflict. In doing so, the Supreme Court rejected the analyses of the Fourth District (Arsali), the Second District (Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002)), and the Fifth District (Josecite v. Wachovia Mortgage Corp., 97 So.3d 265 (Fla. 5th DCA 2012)), each of which had concluded that Brown and Arsali were in conflict.

19. The Court then proceeded to discuss that there are no indispensable equitable factors required to set aside a judicial foreclosure sale. **The Court noted that an objection to sale must be timely filed as required by Fla. Stat. §45.031 and then discussed the equitable nature of foreclosure proceedings, reemphasizing that:** the trial courts' use of their equity powers in resolving disputes pertaining to judicial foreclosure sale set aside actions is essential.

20. The Florida Supreme Court, holding that proof of an inadequate bid price is not required, concluded that the Fourth District properly affirmed the trial court's decision to vacate the foreclosure sale because: **(1) timely objection to the sale had been made; (2) equitable grounds for vacating the foreclosure sale had been established;** and **(3) all funds paid by the third-party purchaser would be refunded.**

21. The Supreme Court's ruling in Arsali should provide clarity to those who seek to vacate foreclosure sales and some comfort to those who have inadvertently neglected to cancel foreclosure sales when agreements have been made to reinstate loans or permit short sales.

22. In this foreclosure action, the property actually sold for $20,100.00 at the foreclosure sale which is grossly inadequate for the following reasons:

Firstly, pursuant to § 45.031(8), Florida Statutes (2013), "The amount of the bid for the property at the sale shall be conclusively presumed to be sufficient consideration for the sale."

Case # 10-58746-CA-13

Secondly, pursuant to the same subsection of the same statute, the sale price may be\ considered as a factor when the Court is making a determination of the value of the property upon a Motion for Deficiency Judgment.

23. Considering the legal implications of a foreclosure sale price, the process is very important. As presently carried out, the foreclosure auction process is unfair and noncompetitive. While § 45.031(10), Florida Statutes (2013) permits a clerk to accept an electronic proxy bid from a plaintiff, there is nothing in the statute that requires or permits this information to be disclosed to the public before the foreclosure auction. The practice of disclosing said bid makes any such auction conducted in that manner inherently unreasonable, unfair, and ultimately noncompetitive.

24. The Fifth District in Josecite v. Wacovia Mortgage Corp. (Fla. 5th DCA August 31, 2012) stated that foreclosures are equitable proceedings under Florida law and settlements between litigants are favored.  The court found that inadequacy of the sale price was just one of the factors that needs to be considered in vacating and setting aside a judicial sale.  The court must consider any and all of the grounds: surprise, accident, mistake, and irregularity.

25. Then there is the recent case Citimortgage v. Synuria (Fla. 4th DCA May 2, 2012).

http://scholar.google.com/scholar_case?q=Arsali&hl=en&as_sdt=4,10&as_ylo=2011 &case=11656804671706497197&scilh=0

In this case the bank filed a foreclosure action against the homeowners.  The court entered a final judgment for $41,580.97.  The sale took place and the house was sold for $800.

The bank filed a motion to vacate foreclosure sale, arguing that the sale price was grossly inadequate and the inadequacy resulted from mistake or other irregularity. The trial court denied the motion.  The bank filed an appeal.

The court of appeal quoted Long Beach Mortg. Corp. v. Bebble, 985 S0. 2d 611 (Fla. 4th DCA 2008).
http://scholar.google.com/scholar_case?case=10283884755961966340&q=985+So.+ 2d+611&hl=en&as_sdt=4,10&as_ylo=2008

26. In Long Beach the house sold for $1,000 – .02% of the judgment amount and the court concluded that "the purpose of the law in this area is to promote the viability of

Case # 10-58746-CA-13

the foreclosure sale process, to encourage good faith offers for foreclosed properties, not to protect outrageous windfalls to buyers who make de minimum bids".

27. In Synuria the house sold for 1.9% of the judgment.  The court found the sale price grossly inadequate, which resulted from a mistake, and reversed the lower court's decision.

28. This Court must Vacate the sale of Defendant's property of 09/18/2014, Vacate the Certificate of Sale issued on 09/23/2014, based on the grounds that such judgment was void and it is no longer equitable, that the judgment or decree should have prospective application.  Florida Rules

## B. NON-COMPLIANCE WITH TERMS OF THE MORTGAGE BY PLAINTIFF

### B-1. FAILURE TO COMPLY WITH PARAGRAPH 22 OF THE MORTGAGE AGREEMENT BY THE NAMED PLAINTIFF

"**Lenders must comply with Pre-Foreclosure Notice Requirements**".

29. The requirement most frequently violated by the servicer is its failure to clearly state "the action required to cure the default." The problem occurs because the default letter usually states, "To cure your default, you must, on or before [the 30th day], pay [the servicer] the amount of $*** plus any additional monthly payments, late charges and fees which come due."

30. Even if a payment comes due during that default period, the homeowner should know what that amount is unless it changes monthly, BUT how would a homeowner know what late charges and fees are without specifically being told? Therefore, the homeowner does not know the action required to cure the default.

31. Sometimes the default letter goes on to say, "You should call us to get an exact figure." The mortgage requires the letter itself to identify "the action." Instructing the homeowner to call the servicer to find out what action is required fails to comply.

32. In Florida, the notice of acceleration requirements spelled out above, are intended to be the borrower's "Miranda Rights" in the mortgage foreclosure context. This notice

Case # 10-58746-CA-13

of acceleration is the borrower's last--and utmost serious--warning before foreclosure proceedings are begun.

33. In summary, because the mortgage uses very clear, bolded language including terms such as "shall," and because Florida is a judicial foreclosure state, it clear that these notice of acceleration requirements were intended to be strictly followed. In fact, Florida appellate courts have held that strict compliance with the notice of acceleration requirements of Paragraph 22 is required before the lender can foreclose.

34. However, servicers often fail to provide the notice of acceleration at all, or the notice fails to comply with the strict requirements of the mortgage.

35. If the lender or servicer fails to comply with the terms of the mortgage contract, this may constitute sufficient reason to set aside a foreclosure sale.

36. In many Florida mortgages, you'll find it in Paragraph 22 of the mortgage.

**The Notice of Default Paragraph**

A mortgage is a contract. A contract is a legally binding agreement between two parties. A mortgage contract lists the duties and responsibilities of the lender and the borrower with respect to the mortgage. In Florida, most banks use some version of a standard mortgage agreement.

The 22nd paragraph of that standard agreement sets forth requirements the lender must comply with before it can bring a foreclosure lawsuit against a borrower that has defaulted. Specifically, paragraph 22 requires that the lender send a notice of default to the borrower that specifies "(a) the default; (b) the action required to cure the default**; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property," and that also informs the borrower "of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure."**

**The Notice of Default Letters**

Sometimes lenders completely forget to send the notice of default letter, but far more often they send a letter that is defective because it misses one or more of the above requirements. Since lenders frequently use form letters where they change little more than the borrowers name and the property address, a mistake in the notice letter rarely

Case # 10-58746-CA-13

affects only one homeowner.  Instead, the same problematic notice of default letter is sent to tens, hundreds, or even thousands of homeowners.

37. Borrowers across the state have argued that the foreclosure cases against them should be dismissed because of lenders' failure to comply with the contractual requirements set forth in paragraph 22.

38. The "Bring a court action" language does not substantially comply with Paragraph 22, says Broward County judge in blistering opinion

39. What's the biggest battle raging on the front lines of the foreclosure wars? The failure of nearly all the banks to comply with the pre-acceleration notice requirements contained in paragraph 22 of the mortgage.

40. The bank's breach vs. substantial compliance

41. On the defense side, we see that nearly every letter that goes out contains some kind of deviation—some large, some small—from the contents expressly required by the contract. When the bank fails to send out a letter that contains all the elements required by the mortgage, we seek, and often obtain, a dismissal or judgment for the defense.

42. On the plaintiff's side, the argument is always "close enough." If the mortgage requires them to include six things, and they only include five in the letter, that's good enough for them. They call this the **"substantial compliance"** doctrine. (But if the borrower misses just one payment…

43. However, "Substantial compliance" was recently rejected

44. A Broward county judge has issued a new ruling that should be the last word on the matter: defective letters just don't constitute substantial compliance. Here's the scorching language the judge used to shoot down the bank's argument:

45. In this case Plaintiff's acceleration notice states "you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure (emphasis added)." Plaintiff argues that this language substantially complies with section 22 of the mortgage. The parties know of no appellate decision on point.

46. There are other Courts in Florida that are coming to similar conclusions that the Plaintiff Notices are not complying with Paragraph 22, of the mortgage agreement.

Case # 10-58746-CA-13

47. In <u>Samaroo v. Wells Fargo Bank</u>, Adam J. Knight and Henry W. Hicks successfully argued that a lender was required to comply with pre-foreclosure notice requirements contained in standard mortgages used throughout Florida. 137 So.3d 1127 (Fla. 5th DCA 2014). The form notice issued by the named Plaintiff in this foreclosure action simply failed to comply with the clear terms of the mortgage.

48. In Samaroo, Adam J. Knight argued to the Fifth District Court of Appeal that the notice provided to the Samaroos was defective by failing to advise the Samaroos of their right to reinstate the loan after acceleration.

49. The Fifth District agreed and stated "it is apparent in comparing the letter to the requirements of paragraph 22 that it does not comply with the notice requirements set forth in paragraph 22 of the mortgage. Importantly, it does not inform the Samaroos of their right to reinstate after acceleration."

50. The Fifth District explicitly rejected Wells Fargo's substantial compliance argument. The Fifth District stated that "Wells Fargo contends that it "substantially" complied with the contractual notice requirements, an argument we cannot credit. None of the cases cited by Wells Fargo involved compliance with pre-acceleration notice requirements contained in a mortgage. Its own mortgage specified the important information that it was bound to give its borrower in default, and it simply failed to do so."

51. The Samaroo decision has been a game changer in foreclosure defense cases throughout Florida by being the first case to address substantial compliance and one of the only cases in Florida expressly addressing the language contained in a bank's notice of default.

52. In this foreclosure action, the named Plaintiff failed to comply with Paragraph 22, of the Mortgage contract as it did not give the Defendant Carmen Taufer 30 days to cure the default.

53. Since the Plaintiff did not comply with Paragraph 22, of the Mortgage Contract, this foreclosure action is null and void Ab-Initio.

54. The sale of Defendant's Property must be vacated, the Summary Judgment entered must be vacated and this foreclosure action must be dismissed with prejudice.

Case # 10-58746-CA-13

### B-2 FAILURE TO COMPLY WITH PARAGRAPH 24 OF MORTGAGE

55. In this foreclosure action the Plaintiff also failed to comply with Paragraph 24 and completely ignored it adding high legal fees in complete violation of said Paragraph 24.

56. **Paragraph 24. Attorneys' Fees.** *"As used in this Security Instrument and the Note. Attorneys' Fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding"*

57. In this particular foreclosure action the named Plaintiff is asking the Court to have the Defendant pay a total of $4,675.00 in Total Attorneys' Fees

58. However, in this foreclosure action, Defendant Carmen Taufer has never filed any appeal and has never filed for bankruptcy protection under either chapter 7 or chapter 13, this foreclosure action

59. This is another violation of the named Plaintiff on the terms of the mortgage

### C.  IRREGULARITY IN THE FORECLOSURE PROCESS THAT MAKES SALE VOID UNDER STATE LAW

**IRREGULARITIES IN THE FORECLOSURE PROCESS DISCOVERED BY DEFENDANT SHOWS NEGLIGENCE, MISREPRESENTATION, MISCONDUCT BY THE PLAINTIFF AND ITS ATTORNEYS HAVING VIOLATED EVERY RULE OF CIVIL PROCEDURE, RULE OF EVIDENCE, FLORIDA STATUTES AND FEDERAL LAWS AND MULTIPLE VIOLATIONS OF FEDERAL LAWS**

60. The Plaintiff WELLS FARGO BANK, N.A. NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC REMIC TRUST SERIES 2010-3, in this foreclosure action violated just about every Rule of Civil Procedure, Rule of Evidence, Florida Statutes and some Federal Laws, including the Dodd-Frank Act that defendant will explain later;

Case # 10-58746-CA-13

61. The named Plaintiff in this case is WELLS FARGO BANK, N.A. NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC REMIC TRUST SERIES 2010-3 (Hereinafter called Plaintiff);

62. The Law firm that commenced this foreclosure action and filed the Lis Pendens, the Complaint, etc is Ben-Ezra & Katz.

63. This law firm is closed a result of an investigation by the Florida Attorney General and other State and Federal Agencies on allegations that they had commenced foreclosure action without having the correct paperwork, filed fraudulent Assignments of Mortgage, filed Affidavits without having knowledge of what they were signingl

64. The Defendant was not properly s served within the 120 days as required by Florida Rules of Civil Procedure. Defendant filed a Motion to Quash any attempted service of process which was denied by the Court at a hearing in which Defendant was not notified and said hearing was scheduled by the Plaintiff's attorney and not by the Defendant. Said action denied Defendant's right to a due process.

65. The Plaintiff's Complaint was improperly verified and did not comply with the mandate of the Florida Supreme Court regarding Verification of Complaint;

66. The named Plaintiff is a Trust that has not been registered as required by Florida Statute.

67. The named Plaintiff is a Florida corporation and did not post a bond as required by Florida Law on foreign corporations.

68. The named Defendant in this case is CARMEN TAUFER (hereinafter "Defendant");

69. Plaintiff initiated this action when it filed its Complaint on 11/04/2010;

70. Plaintiff states in Paragraph 2, of Count I, of its complaint that *on October 3, 2007, Defendant CARMEN TAUFER, executed and delivered a promissory Note to JPMORGAN CHASE BANK, N.A.*

71. Plaintiff states in Paragraph 3, of Count I, of its complaint that *on the same day, Defendant CARMEN TAUFER, executed and delivered a Mortgage securing payment of said promissory note to JPMORGAN CHASE BANK, N.A., which mortgage was recorded on October 10, 2007, in Official Records Book 25980, Page 3985 of the Public Records of Miami-Dade County, Florida.* ***That said Mortgage is presently held by Plaintiff by virtue of Assignment of Mortgage recorded in Official Records, Book 27398, Page 1850***, *which mortgaged the property described therein, then owned by and in possession*

Case # 10-58746-CA-13

*of said mortgagor, copies of said note, mortgage and assignment of mortgage being attached hereto.*

72. The Assignor in this AMO is Chase Home Finance, LLC, who is not and has never been mentioned in the note and mortgage;

73. However, the Defendant did a research and discovered that there is another Assignment of Mortgage recorded earlier, on 09/15/2008, CFN: 2008R0751021, OR BK 26567, Pages 914-915, from JPMorgan Chase Bank, N.A. to Chase Home Finance, LLC.

74. Both of these Assignment of Mortgage are fraudulent as they were fabricated signed, notarized by well known robo-signers;

75. Plaintiff states in paragraph 4, *that Plaintiff holds the note and mortgage and/or received delivery of the note from the note holder for the purpose of giving Plaintiff the right to enforce the note and the mortgage*

76. Plaintiff fails to disclose or explain how this "delivery of the note from the note holder for the purpose of giving Plaintiff the right to enforce the note and mortgage was done.

77. As of date this Motion to Dismiss was prepared, Plaintiff has not filed with this Court the original note and mortgage in question nor has provided any evidence of the Note being indorsed and the mortgage being assigned to Plaintiff

78. On or around 03/19/20-14, the Plaintiff filed what they called Original Note and Mortgage but this would have been impossible as the Original Note was replaced with a Certificate from the Trust that bought the loan.

79. Plaintiff contends that it is the holder of a note and mortgage executed by the Defendant.

80. Despite the Plaintiff's contention that it is the holder of the Note and Mortgage, the copy of the note and mortgage filed by Plaintiff provides otherwise.

81. Specifically, the note, under the Section 1 entitled "Borrower's Promise to Pay", reads that "the Lender is "JPMORGAN CHASE BANK, N.A." Moreover, the mortgage, under Section entitled "Definitions" subsection (C), reads that the "Lender is "JPMORGAN CHASE BANK, N.A."

82. The Plaintiff did not submit to the court a valid Allonge to the note or any assignment or indorsement of the note to the Plaintiff or to any other institution for that matter.

83. Therefore, according to the very exhibits offered by the Plaintiff, at the time the Note and Mortgage were executed the true owner and holder of the note and mortgage was

Case # 10-58746-CA-13

JPMORGAN CHASE BANK, N.A. (hereinafter "JPMORGAN CHASE BANK, N.A.") and not the Plaintiff.

84. The note is devoid of any endorsement, either in blank or made specifically to the Plaintiff, which would effectuate the transfer of ownership interest in the note to the Plaintiff. Therefore, without such an endorsement, the true owner and holder of the note and mortgage in question remains JPMORGAN CHASE BANK. N.A. and not the Plaintiff.

85. Finally, while the Plaintiff's name is invoked in the caption line of its complaint, nowhere else is the Plaintiff's identity even pled. Furthermore, a search of the Florida Division of Corporations shows that the Plaintiff was never issued any license, either active or inactive, with which it can utilize to conduct business in this State.

86. Defendant will present to this Court all the evidence proving that the Plaintiff previous attorney filed/recorded fraudulent documentation, such as fraudulent Assignment of Mortgage, by misrepresenting the facts and that those documents were used by their new attorneys to obtain a Summary Judgment, an Order of Judicial Sale and a Sale but that said Summary Judgment is NULL and VOID and all actions taken thereafter;


**THIS COURT HAS JURISDICTION TO QUASH ANY POSSIBLE SALE, TO DISMISS THIS FORECLOSURE ACTION AND TO VACATE THE JUDGMENT WITH PREJUDICE EVEN AFTER THE JUDICIAL SALE AS THIS WOULD BE A "VOID JUDGMENT"**

**THIS JUDGMENT IS VOID AB INITIO!**

**"THE FINAL JUDGMENT OF FORECLOSURE WAS OBTAINED BY PRESENTING TO THE COURT FRAUDULENT DOCUMENTATION AND IT WAS ISSUED IN THE NAME OF AN ENTITY THAT WAS NEVER PART OF THE FORECLOSURE"**

87. That Section 1.540(b) of the Florida Rules of Civil Procedure provides that the Court, upon Motion, may relieve a party from a Final Judgment, Decree, Order or Proceeding in the event of (1) mistake, inadvertence, surprise or excusable neglect (2) newly discovered evidence; and/or (3) fraud, misrepresentation, or other misconduct of an adverse party.

88. The Plaintiff in this matter engaged in fraud and other misconduct, in which a motion to vacate final judgment of foreclosure must be brought and this exactly what the Defendant is doing with this Motion;

Case # 10-58746-CA-13

89. Summary judgment is only valid when there are no genuine issues of material fact, and, when the moving party, by law, is entitled to judgment. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)

90. There are genuine issues of material fact in this foreclosure action that require the Court to reconsider the case with all the evidence presented by the Defendant;

**A. The moving party must show, beyond the slightest doubt, that there is an absence of issues of material fact.**

91. Ordinarily, the movant has the burden to prove, without question, that there are no genuine issues of material fact. See Krol v. City of Orlando, 778 So. 2d 490, 92 (Fla. 5th DCA 2001), (citing City of Cocoa v. Leffler, 762 So. 2d 1052, 1055(Fla. 5th DCA 2000), (citing Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966))).

92. The court, with regard to drawing inferences, must do so in favor of the nonmoving party, as much as possible. See Kitchen v. Ebonite 6 Recreation Ctrs., Inc., 856 So. 2d 1083, 1085 (Fla. 5th DCA 2003)

93. The slightest doubt will bar an entry of summary judgment. See Mivan (Florida), Inc. v. Metric Constructors, Inc., 857 So. 2d 901, 902 (Fla. 5th DCA 2003)

**B. If the moving party fails to meet its burden, non-moving party has no duty to rebut**

94. The nonexistence of genuine issues of material fact is the movant's burden to prove. Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So. 2d 1138, 1140 (Fla. 2d DCA 2000)(quoting Holl, supra, at 44)

**C. Movant's grounds must be stated with particularity.**

95. Movant's failure to state legal and factual grounds with particularity, in a motion for summary judgment, is fatal to the motion. Lee v. Treasure Island Marina, Inc., 620 So. 2d 1295, 1297 (Fla. 1st DCA 1993); Finn v. Lee County, 479 So. 2d 246 (Fla. 2nd DCA 1985)(summary judgment reversed when theory upon which movant proceeded is not stated in motion for summary judgment). Failure to state factual and legal grounds with particularity, is fatal to a motion for summary judgment.

Case # 10-58746-CA-13

## "IMPROPER` VERIFICATION OF COMPLAINT"

96. The Plaintiff's Complaint in this foreclosure action was improperly verified

97. Whether a residential foreclosure complaint is improperly verified when a verification:

    1) is not included within the Complaint, but is a separately captioned document;
    2) fails to identify the document that is being verified; and,
    3) it is verified by a non-party to the foreclosure action..

98. The Plaintiff attached to the Complaint a separate document, which is not part of the Complaint. One cannot tell which document is being verified and there is no reference to which document is being verified and it was signed by a non-party to this foreclosure action and did not have knowledge of what was being verified.  In addition, the Verification is signed by Rose C. Lara on behalf of Rushmore Loan Management Services, LLC, As Attorney In Fact for  WELLS FARGO BANK, N.A. NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC REMIC TRUST SERIES 2010-3

### DEFECTIVE LIS PENDENS
### VIOLATION OF FLORIDA STATUTE 48.23
### STATUTORY VIOLATION

THE LIS PENDENS RECORDED IN THIS ACTION DOES NOT HAVE THE NAME OF THE REAL PARTY, DOES NOT HAVE THE DATE OF THE INITIATION OF THIS ACTION AND IS NOT AGAINST ANY RECORDED INSTRUMENT (MORTGAGE), AS REQUIRED BY FLORIDA STATUTE 48.23, ON LIS PENDENS. SAID LIS PENDENS AND ALL ACTION TAKEN THEREAFTER ARE NULL AND VOID

- "When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions".

- "An action that is filed for specific performance or that is not based on a duly recorded document has no effect…"

- "The fact that there is a consensual lien filed by Plaintiff, which is of record and which it seeks to enforce, is not determinative. Section 48.23 requires that the action be founded on the recorded instrument. "Founded on" means based upon, arising from, growing out of, or resting upon. Kent, 431 So.2d at 282 (Cowart, J., specially concurring)

- "A court may control or discharge a notice of lis pendens as it may grant or dissolve injunctions if the initial pleading does not show that the action is founded on a duly

Case # 10-58746-CA-13

recorded instrument or mechanic's lien. See § 48.23(3), Fla. Stat. (1993); Mohican Valley, Inc. v. MacDonald, <u>443 So.2d 479</u> (Fla. 5th DCA 1984)"

Defendant CARMEN TAUFER Pro-Se, pursuant to Florida Statute 48.23, files this Motion To Dissolve / Discharge Lis Pendens and for Attorney Fees and states as follows:

99. The Plaintiff, filed this mortgage foreclosure action on 11/04/2010;

100.    The Plaintiff, was not the original Lender but the Lis Pendens was recorded in the Public Records of Miami-Dade County, Fla, a Lis Pendens, with respect to the real property at issue in the mentioned case on 11/08/2010, after this foreclosure action was commenced.

101.    Such instrument identifies the Mortgagee as JP MORGAN CHASE BANK, N.A.. This entity is NOT the Entity that filed this foreclosure action and is NOT the entity that recorded the lis pendens that is the subject of this motion;

102.    Therefore, the Lis Pendens does not have the name of the Real Party, does not have the description of the Mortgage Instrument being foreclosed on and does not have the time of the institution of this action.

103.    The name listed on the Lis Pendens is not the name of the Real Party In Interest.

104.    The description of the Mortgage normally include the date the Mortgage was executed, the date it was recorded and the Official Records Book number and the Page(s) Number.  The description of the Mortgage being foreclosed on is not listed;

105.    In this particular case, there are a few duly recorded mortgages against the Defendant's property at the time the lis pendens was recorded

106.    The Lis Pendens recorded by the Plaintiff in this foreclosure action DOES NOT make reference to any Mortgage in particular duly recorded in the Public Records of Miami-Dade County, Florida. It is not against any dully recorded Mortgage.

107.    The name of the Real Party Plaintiff is not listed, the time of the institution of this action is missing, there is no Official Records Book Number and there is no Page number(s) of the Mortgage being foreclosed on, written in this Notice of Lis Pendens. The only reference made by is that the Plaintiff instituted an action <u>seeking to foreclose a mortgage on the following property</u>......

Case # 10-58746-CA-13

108.     Florida Statutes 48.23(e) states as follows:

> **lis pendens.—(3)** When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of Chapter 713 the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.

109.     Consistent with the statutory requirements of section 48.23, this Court held in Joge Invs., Inc. v. Millennium Capital, 724 So. 2d 728, 729 (Fla. 3d DCA 1999), that a valid lis pendens must contain the time of institution of the action.

110.     If a plaintiff fails to include all of the required items in the lis pendens, the lis pendens is ineffective. See DeGuzman v. Balsini, 930 So. 2d 752, 755 (Fla. 5th DCA 2006) (holding that the notice of lis pendens failed to comply with section 48.23 because it did not state the time that an action was instituted, and it did not provide a statement of the relief sought as to the property).

111.     Section 48.23(1)(a) requires that a notice of lis pendens contain "the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to the property." In Joge Investments, Inc., the Third District reversed the denial of a motion to discharge a lis pendens holding that the notice of lis pendens was facially defective. Id. at 729. In addition to finding that the notice of lis pendens failed to contain the time of institution of the action, the court concluded that the notice did not contain a proper statement of the relief sought. The statement of the relief sought in the notice referred to specific performance of the contract attached as exhibit A of the complaint; however, exhibit A of the complaint was merely a description of the property. Id.

112.     This is exactly the kind of relief sought in this foreclosure action.  It was merely a description of the Defendant's property.

113.     A lis pendens places a cloud on the title that did not previously exist, if not based on a recorded instrument. Mohican Valley, Inc. v. MacDonald, 443 So. 2d 479 (Fla. 5th DCA 1984), approved in part, Medical Facilities Dev., Inc. v. Little Arch Creek Properties, 675 So. 2d 915 (Fla. 1996) and this affects the Defendant's rights.

114.     <u>In summary: An action that is filed for specific performance or that is not based on a duly recorded document has no effect…</u>

Case # 10-58746-CA-13

115.    Since the Plaintiff's pending pleading does not show that the action is founded on a duly recorded instrument (mortgage), the Lis Pendens is null and void and all actions taken thereafter are also null and void.

116.    Further, the Defendant CARMEN TAUFER is entitled to recover attorneys' fees for the preparation and filing of this Motion and for the time spent arguing same at any hearing. S & T Builders v. Globe Props. 944 So. 2d 302 (Fla. 2006).

117.    An order on a motion to dissolve a lis pendens is treated as a final order. Loid v. I&E Group, Inc., 927 So. 2d 1016(Fla. 2d DCA 2006)

118.    As such, the initial pleading by WELLS FARGO BANK, N..A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC REMIC TRUST, SERIES 2010-3, is not founded on a duly recorded instrument, the name of the Real Party Plaintiff is not listed, the date of the initiation of this action is missing and the Court should discharge/dissolve the subject lis pendens filed by the Plaintiff.

### "FAILURE TO POST COST BOND, FLORIDA STATUTE 57.011"

**Failure to Post Cost Bond [F.S. 57.011]**

119.    WELLS FARGO BANK, N..A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC REMIC TRUST, SERIES 2010-3, is a foreign entity.  It has never registered as a Corporation or as a Trust in the State of Florida.

120.    Plaintiff has failed to comply with Florida Statutes section 57.011 and has not posted a cost bond. "When a nonresident plaintiff begins an action [] he or she shall file a bond with surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him or her in said action in the court in which the action is brought.

121.    On failure to file such bond within 30 days after such commencement or such removal, the defendant may, after 20 days' notice to plaintiff (during which the plaintiff may file such bond), move to dismiss the action or may hold the attorney bringing or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against said attorney." 57.011 Fla. Stat.

Case # 10-58746-CA-13

122.        More than 30 days have gone by since this foreclosure action was commenced on
11/04/2010 and the Plaintiff has not posted the Cost Bond.

123.        Therefore, this foreclosure action should be dismissed.

WHEREFORE, defendant CARMEN TAUFER pursuant to Florida Rules of Civil Procedure,
Rule 1.540(b), moves this Court for an Order Vacating the Final Judgment of Foreclosure
entered by this Court in favor of the alleged Plaintiff on 03/19/2014, in the stated action, Vacate
the Sale of Defendant's Property of 09/18/2014, Vacate the Certificate of Sale issued on
09/23/2014, Cancel Lis Pendens and Dismisses this Foreclosure Action with prejudice because
the Plaintiff filed fraudulent or questionable documentation, did not serve Defendant properly
according to the law, filed a Defective Lis Pendens, recorded two fraudulent Assignments of
Mortgage prepared, signed and notarized by known robo-signers, for Lack of Verification (lack
of attachment of Power of Attorney for signing the Verified Complaint as Attorney In Fact), for
Lack of Reasonable Indemnification, for Lack of Federal Pre-Foreclosure Default Prevention
Procedures; for Lack of Acceleration, Paragraph 22; Lack of Compliance with F.S. 660, Trust
Registration; Lack of Loss Reserve Application; Lack of Debt Validation and other
misrepresentations

The Defendants reserve the right to amend this Motion, to add more reasons to support their
Motion as evidence is being discovered and more evidence of the Plaintiff's wrong doing will be
discovered.

Respectfully Submitted on this 6th day of March, 2015, by

/s/ Alfonso E. Oviedo
Florida Bar # 0478172
8370 West Flagler Street, Suite 110
Miami, Fl 33144
Cell: 305-613-6409 / Email: Oviedo13@gmail.com

Case # 10-58746-CA-13

## <u>CERTIFICATE OF SERVICE</u>

I, HEREBY CERTIFY that a true and correct copy of the foregoing was served by email, mail and/or via fax, this 6th day of March, 2015,, to the Plaintiff's Attorney:  The Law Office of **GARY I. GASSEL, ESQUIRE** 2191 Ringling Boulevard, Sarasota, Fl 34237
Email: pleadings@gassellaw.com / Efiling@gassellaw.com.

By: /s/ Alfonso Oviedo / Alfonso Oviedo