UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21997-CIV-GAYLES

CARMEN TAUFER,

        Plaintiff,

v.

WELLS FARGO, N.A., *et al.*,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the Defendants', Wells Fargo Bank, N.A. ("Wells Fargo"), JPMorgan Chase Bank, N.A. ("Chase"), Rushmore Loan Management Services, LLC ("Rushmore"), Ben-Ezra & Katz, P.A. ("Ben-Ezra"), and the Law Office of Gary Gassel, P.A. ("Gassel"), Joint Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law [ECF No. 37] ("Motion"). In their Motion, Defendants argue, *inter alia*, that the Complaint should be dismissed because this Court lacks subject matter jurisdiction over Plaintiff Carmen Taufer's ("Plaintiff") claims under the *Rooker–Feldman* doctrine, many of the claims are time-barred, and each of the claims fails to meet federal pleading standards. The Court has reviewed the Motion, the parties' submissions, the record, and the applicable law. For the reasons that follow, the Defendants' Motion is granted.

I.     **BACKGROUND**

    *A.*     *Factual History*

At the core of this dispute is a mortgage loan Plaintiff obtained in 2007 to purchase a condominium in Coral Gables, Florida. Chase originated the loan, with Rushmore as the loan

servicer. In January 2010, Plaintiff defaulted on the loan. [ECF No. 36, at 17]. In August 2010, the mortgage was pooled into a securitized trust, with Wells Fargo acting as the trustee. In November 2010, Wells Fargo commenced a judicial foreclosure proceeding in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Ben-Ezra and Gassel represented Wells Fargo at different times during the foreclosure proceeding. On March 19, 2014, after nearly four years of litigation, the state court entered a Summary Judgment of Foreclosure against the Plaintiff. In September 2014, the property was sold at a judicial foreclosure sale. Plaintiff did not appeal the state court foreclosure judgment and the time for such appeal has expired.

As far as the Court can decipher from the Amended Complaint, Plaintiff now claims that she "discovered" in April 2017 that the promissory note and mortgage filed in the state court action were not the originals, but rather photocopies, in violation of state and federal law. [*Id.* at 24]. She suggests that the promissory note filed in the state court complaint and the promissory note filed upon the entry of summary judgment were different documents. [*Id.* at 6]. She likewise levels an array of fraud allegations relating to the origination and 2010 assignment of her mortgage. [*Id.* at 8, 13–18].

### B. *Procedural History in this Action*

On May 28, 2017, Plaintiff filed a Complaint in this Court asserting claims under the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act, the Florida Consumer Collection Protection Act ("FCCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), among others. [ECF No. 1]. Defendants individually moved to dismiss arguing, *inter alia*, that the Complaint failed to state a claim and that its counts were barred by the *Rooker-Feldman* doctrine or by statutes of limitations. [*See, e.g.*, ECF No. 14, at 2–6]. On July 18, 2017, the Court granted three of those

motions to dismiss based on Plaintiff's failure to timely respond. [ECF Nos. 15–17]. On July 27, 2017, Plaintiff moved to vacate the orders of dismissal. [ECF No. 21]. The Court held a hearing on the Motion to Vacate on October 11, 2017. At that hearing, the Court noted that the claims may be time-barred or barred by the *Rooker-Feldman* doctrine, but found good cause to vacate the orders of dismissal and allow the Plaintiff to amend the Complaint to cure its deficiencies based on counsel's representations that illness prevented his timely responses to the motions. [ECF No. 34]. On October 31, 2017, Plaintiff filed the First Amended Complaint [ECF No. 36].

On November 14, 2017, Defendants filed the instant Joint Motion to Dismiss. They advance four principal arguments: (1) the *Rooker–Feldman* doctrine deprives this Court of subject matter jurisdiction; (2) eleven of the twelve causes of action in the Amended Complaint are barred by the relevant statutes of limitations; (3) five of Plaintiff's causes of action fail to state claims upon which relief may be granted; and (4) seven of Plaintiff's claims are barred by Florida's absolute litigation privilege. [ECF No. 37]. In her opposition, Plaintiff contends: (1) Defendants' Motion is untimely and Defendants were required to file a "responsive pleading" rather than a motion to dismiss; (2) the *Rooker–Feldman* doctrine is inapplicable where defendants were non-parties to the underlying state court proceeding; (3) a dismissal under *Rooker-Feldman* must be without prejudice, as the doctrine goes to the Court's subject matter jurisdiction; (4) the Florida litigation privilege does not extend to claims under federal law; and (5) the Amended Complaint states a claim under Florida Statute § 817.535. [ECF No. 39].

## II. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a

basis for subject matter jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[1] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645 F.2d at 413), and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Here, Defendants have advanced a factual attack on Plaintiff's Complaint because they contend that this Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See, e.g.*, *Christophe v. Morris*, 198 F. App'x 818 (11th Cir. 2006) (per curiam) (affirming a district court's dismissal where the district court had considered *Rooker–Feldman* as a factual attack on its subject matter jurisdiction). Accordingly, this Court may properly consider evidence outside the pleadings in determining whether the Complaint should be dismissed.

## III. DISCUSSION

"The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). The doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "*Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme Court's] appellate jurisdiction over state-court judgments precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Id.* at 291. The doctrine bars relitigating federal claims raised in the state court and claims "inextricably intertwined" with the state court's judgment. *See Feldman*, 460 U.S. at 482 n.16. A claim is "inextricably intertwined" if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)); *see also Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (per curiam).

Plaintiff's sole argument against the application of *Rooker–Feldman* is that the five defendants here were not parties to the state court proceeding. [ECF No. 39, at 13–15]. Plaintiff misconstrues the law on this point. The cases Plaintiff cites actually stand for the proposition that *Rooker–Feldman* cannot bar claims *brought by* non-parties to the state court action—that is, plaintiffs or counter-plaintiffs in a federal action who were not parties to the state court proceedings. *Cf. Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (noting that *Rooker–Feldman* was inapplicable where the United States—the *plaintiff* in the federal action—was not a party in the state court); *Gross v. Weingarten*, 217 F.3d 208, 218 n.6 (4th Cir. 2000) ("*Rooker-Feldman* does not apply, however, when the person asserting the claim in the federal suit was not a party to the state proceeding."). Not only does Plaintiff misconstrue the precedent she cites, but Plaintiff's argument is also affirmatively belied by numerous courts' application of the doctrine. *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1320 (S.D. Fla. 2011) (granting a motion to dismiss based on *Rooker-*

*Feldman* where complaint included claims against attorneys who were not parties in the state court); *cf. Angle v. Leg. of Nev.*, 274 F. Supp. 2d 1152, 1155 (D. Nev. 2003) (noting that "in *Rooker* itself, the case presented to the district court included two defendants who had not been parties to the state court litigation").

Applying *Rooker–Feldman*, the Court must determine whether Plaintiff's claims here are "inextricably intertwined" with the state court judgment. A thorough review of the pleadings reveals that each of Plaintiff's claims is rooted in the state court's foreclosure judgment, which brings her claims squarely within the ambit of the *Rooker–Feldman* doctrine. *See Wint v. BAC Home Loans Servicing, LP*, No. 15-80376, 2015 WL 3772508, at *2 (S.D. Fla. June 17, 2015). Plaintiff lost the foreclosure action in state court, and she now brings this action seeking damages for injuries she suffered as a result of the foreclosure. While Plaintiff attempts to frame her claims as fraud claims independent of the foreclosure, it is clear that, "[r]egardless of the legal theories [Plaintiff's] individual claims are premised upon, each claim has a connection with [her] mortgage and subsequent foreclosure." *Wint*, 2015 WL 3772508, at *2.

Plaintiff alleges throughout the Amended Complaint that the state court judgment was granted as a result of Defendants' fraudulent activity. Were the Court to accept the Plaintiff's argument, it "would effectively declare the state court judgment fraudulently procured and thus void." *Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002); *see also Wint*, 2015 WL 3772508, at *3 ("By entering judgment in favor of foreclosure, the state court has determined that foreclosure was proper. . . . To the extent Plaintiff seeks monetary damages and does not seek to overturn the state court foreclosure judgment, it has no bearing on the Court's decision, as damages would be available only where there was a wrongful foreclosure.").

Finally, the Court finds that Plaintiff had ample opportunity to raise her claims in the state court proceeding. *See Casale*, 558 F.3d at 1260; *Figueroa*, 766 F. Supp. 2d at 1325–26.

6

Defendants have included as an exhibit the Plaintiff's state court objection to the foreclosure sale and motions for sanctions and to vacate the summary judgment. [ECF No. 37, Ex. A]. In her objection, Plaintiff advanced the same arguments she advances here: that the Defendants and their attorneys filed fraudulent documents and committed a litany of consumer-protection-statute violations. [*See id.*] When Plaintiff filed a second motion to vacate the foreclosure judgment and sale, the state court denied the motion and struck it from the record as a sham pleading. [*Id.* Ex. B, at 1]. The state court's order indicates that the court contemplated sanctioning Plaintiff's counsel for frivolous filings, but opted to simply reserve jurisdiction to impose sanctions after Plaintiff's counsel failed to appear at a hearing on the motion. [*Id.* Ex. B, at 2]. Then, in exchange for Wells Fargo withdrawing its request for sanctions and attorney's fees, Plaintiff expressly released all claims against Wells Fargo. [*Id.* Ex. D]. In sum, "there [is] nothing in the record to suggest that the [Plaintiff] [was] deprived of the opportunity to present the instant claims before the state court." *Cavero v. One W. Bank FSB*, 617 F. App'x 928, 930-31 (11th Cir. 2015) (per curiam). As a result, the Court finds that Plaintiff had a full and fair opportunity to litigate her claims in state court. *Cf. Figueroa*, 766 F. Supp. 2d at 1325–26.

Accordingly, the Court concludes that Plaintiff's instant claims are inextricably intertwined with her final state court foreclosure judgment and, as a result, are barred by the *Rooker–Feldman* doctrine. *See Nivia v. Nationstar Mortg., LLC*, No. 13-24080, 2014 WL 4146889, at *3 (S.D. Fla. Aug. 21, 2014), *aff'd*, 620 F. App'x 822 (11th Cir. 2015) (per curiam). This Court, therefore, does not have subject matter jurisdiction over Plaintiff's claims.

* * *

Finally, the Court notes that although it gave Plaintiff's counsel an opportunity to remedy the original Complaint's significant defects, Plaintiff's Amended Complaint remains an improper shotgun pleading. The Eleventh Circuit has outlined four types of shotgun pleadings, all of which

require amendment because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The most common type—by a long shot—is a complaint containing multiple counts where each count adopt[s] the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Even absent the *Rooker–Feldman* bar on Plaintiff's claims, the Court would be within its authority to dismiss the Amended Complaint on the basis that it is an improper shotgun pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014); *cf. also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Plaintiff's Amended Complaint suffers from these and myriad other defects, including, for instance, that it egregiously reproduces entire paragraphs from district court orders without attribution and without modification to fit the facts of this case.[2] The Court warned Plaintiff's counsel at the hearing on October 11, 2017, that he should be mindful of Rule 11 and the professional standards for counsel appearing before this Court—a warning he appears to have

---

[2] *Compare, e.g.*, Am. Compl. at 41, ECF No. 36 ("'TAUFER' argues that punitive damages are appropriate where the defendant acted with malicious intent, meaning that it did a wrongful act 'to inflict injury or without a reasonable cause or excuse.' (Doc. 100–1 at 18 (quoting Story v. J.M. Fields, Inc., 343 So.2d 675, 677 (Fla.Dist.Ct.App.1977). Bank of America likewise cites this standard (Doc. 101 at 16), as have a number of courts that considered punitive damages under the FCCPA, see, e.g., Crespo v. Brachfeld Law Grp., No. 11–60569–CIV . . . ."); *with, e.g., Goodin v. Bank of America, N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. June 23, 2015) ("The Goodins argue that punitive damages are appropriate where the defendant acted with malicious intent, meaning that it did a wrongful act "to inflict injury or without a reasonable cause or excuse." (Doc. 100–1 at 18) (quoting *Story v. J.M. Fields, Inc.,* 343 So.2d 675, 677 (Fla.Dist.Ct.App.1977)). Bank of America likewise cites this standard (Doc. 101 at 16), as have a number of courts that considered punitive damages under the FCCPA, *see, e.g., Crespo v. Brachfeld Law Grp.,* No. 11–60569–CIV, 2011 WL 4527804, at \*6 (S.D.Fla. Sept. 28, 2011) . . . .").

likewise received from the state court in the underlying action. The Court reiterates its concern with counsel's conduct in this litigation.

Although Plaintiff is technically correct that a *Rooker–Feldman* dismissal for lack of subject matter jurisdiction is a dismissal without prejudice, the Court puts Plaintiff and her counsel on notice that they risk Rule 11 sanctions if they again seek to bring these clearly barred claims. *See Scott v. Frankel*, 606 F. App'x 529, 533 (11th Cir. 2015) (noting that although the district court was required to enter the *Rooker–Feldman* dismissal as one without prejudice, Plaintiff would "violate Rule 11 if he amend[ed] his pleadings in [that] case in a further attempt to cajole the district court into reversing" the Florida state court).

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [ECF No. 37] is **GRANTED**;

2. Plaintiff's Amended Complaint [ECF No. 36] is **DISMISSED** for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine;

3. this case will remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE